UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | 3:08-cr-00092-RCJ-VPC-1 |
| vs. | ) ) ) | |
| ROBERT LEEE MITCHELL, JR., | ) ) | **ORDER** |
| Defendant. | ) ) ) | |

The Hon. Edward C. Reed, Jr. of this District sentenced Defendant Robert Mitchell to fifty-one months imprisonment, to be followed by three years of supervised release, pursuant to Defendant's plea of guilty to one count of Felon in Possession of a Firearm, 18 U.S.C. §§ 922(g)(1), 924(a)(2). (*See* J., Aug. 26, 2009, ECF No. 36).  Defendant, having served one year of his three-year supervised release term, is statutorily eligible for early termination of supervised release. See 18 U.S.C. § 3583(e).  However, the Court has broad discretion in applying the statute, and mere compliance with the terms of supervised release is not enough in-and-of-itself to justify early termination. *See, e.g.*, *Folks v. United States*, 733 F. Supp. 2d 649, 651–52 (M.D.N.C. 2010).  Defendant has alleged passing his drug tests so far, submitting a DNA sample, paying his $100 mandatory penalty assessment, maintaining employment, and not

otherwise committing any "known" violations of the terms of his release.  Defendant's terms of supervised release require all of this. (*See* J. 3–4).

The Court finds that the conduct of Defendant does not warrant early termination of supervised release.  Defendant has claimed no more than having complied with the terms of supervised release.  The Court finds no reason to second-guess the sentencing judge's reasoned estimation that Defendant requires three years of compliance with the terms of supervised release to ensure his rehabilitation.  The Court lauds Defendant for his compliance with the terms of his supervised release thus far, but that much is expected of him.  It is not a circumstance tending to prove that a lesser period of supervision is required than that determined by the sentencing judge.  The interests of justice are best served by ensuring Defendant complies with the terms of his supervised release for the length of time the sentencing judge estimated was necessary to ensure his rehabilitation.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Terminate Supervised Release (ECF No. 41) is DENIED.

IT IS SO ORDERED.

Dated this 25th day of March, 2015.

                                                                          _____
                                                                                    ROBERT C. JONES
                                                                                  United States District Judge